SCHMIDT v. LIVINGSTON et al.

          (City Court of New York, General Term. February 3, 1897.)

CONTEMPT—FALSE JUSTIFICATION BY SURETY—EVIDENCE.
     The commitment of a surety for contempt of court in swearing falsely as
     to his property qualifications will be set aside, where the surety justified out
     of court, and the report of the examiner does not contain all the examination,
     though, one year after the justification, the surety testified in another pro-
     ceeding to a lower valuation of his property, since the discrepancy may be
     due to an honest estimate of the depreciation of value in the interval.

     Appeal from special term.

     Action by Bernhart Schmidt against William Livingston and Da-
vid McLeod. From an order committing John G. Schwartz, a surety
on an appeal bond for defendants, for contempt of court in swear-
ing falsely as to his property qualification, he appeals.    Reversed.

     Argued before FITZSIMONS, McCARTHY, and CONLAN, JJ.

     Albert I. Sire, for appellant.
     Ten Eyck & Remington, for respondent.

     McCARTHY, J.    The important questions to be determined here
are whether, on June 19, 1895, the date of the signing by Schwartz
of the undertaking on appeal in the case of Schmidt against Liv-
ingston and McLeod, and also whether, on September 4, 1895, the
time of the justification and examination of said Schwartz as to his
sufficiency, he was worth the sum of $1,000, as required by the
statute, or that he swore falsely, and was thus guilty of contempt of
court.

     The appellant claims that a Mr. Martin F. Bourke conducted the
examination of the plaintiff, and transcribed same, but failed to com-
mit to the paper certain essential facts which are set forth in his
affidavit.    Bourke denies all these statements, but, speaking of the
Ludwig Carved Moulding Company as follows, says:

     "Nor did he state that the 125 shares of stock of the Ludwig Carved Moulding
Company that he owned were worth, as he then thought, from twenty-five hun-
dred to three thousand dollars; but, on the contrary, deponent says that said
Schwartz at that time positively refused to place any value upon the said shares
of stock in said Ludwig Carved Moulding Company, and left the impression upon
deponent's mind that he considered them practically worthless, and therefore de-
ponent did not say anything about their value."

     But, in the examination on the sufficiency, Bourke examined the
appellant fully as to the Ludwig Carved Moulding Company, and
learned that it was a New Jersey corporation, where it did business,
the appellant's official position in the same, and the number of the
shares of stock.    This is all that appears in such examination. Yet
the examination is supposed to contain all that occurred between
them.    But Bourke admits in his affidavit that it does not, and says
the other portion is left out because, as he says, "of his impression
that it was not necessary, and that the stock was practically worth-
less."    We think it likely that Bourke must have asked if the ap-
pellant had any other stock, and must have been informed in the
manner claimed by the appellant.    It was the duty of Bourke,
whether the answers were satisfactory or not, or impressed him fa-

vorably, to put them down, as, after all, the judge was to say, at the end, whether the surety was sufficient or not.

In an experience of some years, I have found it rather the rule than otherwise, where an examination is conducted not in the presence of the court (the fact here), to pen down only such answers of the witness as are satisfactory to the examiner, or sufficient to their present needs, and this without any intent to do a wrong; nor do I think that Mr. Bourke intended to do any wrong by omitting the statements made by the appellant. Doubt now having been cast upon what Bourke put down on the papers, we are inclined to think that the value of the foregoing stock was mentioned at between $2,500 and $3,000, and that the total value would be $17,500. Deducting the $15,000 indebtedness would leave, accordingly, over and above his debts and liabilities, the sum of $2,500.

The application to punish the appellant for a contempt is moved, however, on the alleged disclosures under the examination in supplementary proceedings in the action of the supreme court of Schmidt against Livingston and Schwartz, where the said Schwartz, in September, 1896, then swearing, said he had transferred his interest in the lease on Fifth street, and that it was only worth then (September 30, 1896) about $10,000, which was on account of hard times, while in September, 1895, he swore it was worth $15,000. This may have been at each time an honest estimate of the actual value of this leasehold. The sale of the stock in 1896 to P. A. Mahony at $5 per share would not alter the fact that in 1895 they were reasonably worth $2,500, or $20 per share; and, if we believe the statement of Schwartz that he told Bourke that he owned 25 shares of the Mt. Morris Building & Loan Association, which were worth about $1,000, and which he swears he sold in November, 1895, for $823, this surety would have been, in June and September, 1895, a good and sufficient surety under this undertaking.

The appellant, Schwartz, having put these various properties out of his reach since, does not alter the questions involved, as the question is not what he did with it after, or its depreciated value since. Were his statements at the time of the examination correct, and did he honestly and in good faith swear to the values? The onus is on the respondent to establish the falsity by a preponderance of evidence, and we think he has failed in this, as the presumption, being against the commission of the crime, is so strong as not to be overcome except by his evidence of the highest degree. Now, as perjury is a serious crime, which certainly cannot be determined by guesswork, the person charged is entitled to the benefit of every doubt.

We think, therefore, the respondent has failed to come within the rule according to the lines laid down, and the order must be reversed, and the motion to punish for contempt denied, without costs, and without costs of this appeal. All concur.